# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: S.R.-1 and S.R.-2

No. 13-0626 (Clay County 12-JA-62 and 12-JA-63)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Daniel Grindo, from the Circuit Court of Clay County, which terminated his parental rights to the subject children[1] by order entered on May 28, 2013. The guardian ad litem for the children, Kevin W. Hughart, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Angela Alexander Walters, has also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in finding that the DHHR met the notice requirement via publication and erred in terminating his parental rights when his children's desires regarding visitation were unknown.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2012, the DHHR filed the abuse and neglect petition in the instant case based on allegations that the children were exposed to domestic violence between their mother and stepfather, E.D. For instance, the children witnessed E.D. choke their mother and hit her with a broom handle. Most of the allegations made in the abuse and neglect petition were made against the children's mother. The only allegation made against petitioner concerned his lack of contact or visitation with the children since 2010.

As the case proceeded through preliminary and adjudicatory hearings, petitioner's appointed counsel appeared, but petitioner remained absent. At the preliminary hearing, the circuit court ordered the DHHR to serve notice of the case to petitioner by publication. At the adjudicatory hearing in June of 2012, the circuit court found that petitioner had abandoned the children.

In March of 2013, the circuit court held the dispositional hearing, which petitioner failed to attend. The circuit court found that petitioner was properly served by publication two times in May of 2012. The Child Protective Services ("CPS") worker in the case testified regarding

---

[1] Because the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials. The circuit court case numbers also serve to distinguish each child.

1

petitioner's lack of contact with the children and recommended termination. Thereafter, the circuit court terminated petitioner's parental rights. Petitioner appeared at the next month's review hearing after receiving notification of his termination from the CPS worker. Petitioner submitted to a drug screen at the hearing, which returned positive for marijuana use. The circuit court denied petitioner's motion for post-termination visitation. Following the circuit court's May 28, 2013, dispositional order terminating petitioner's parental rights, petitioner filed this appeal.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two arguments on appeal. First, petitioner argues that the circuit court erred in finding that the DHHR met the notification requirement when it published notification of the DHHR's petition to terminate petitioner's parental rights in a West Virginia newspaper. Petitioner argues that the DHHR had access to the Bureau for Child Support Enforcement throughout the duration of the case and, therefore, could have mailed the initial notice to petitioner when the case began. Petitioner argues that the DHHR did not make a diligent effort to notice petitioner, as provided in West Virginia Code § 49-6-1(b).

The circuit court found that the DHHR satisfied the requirements of notice by publication in the last known county of residence. When the DHHR files a motion to terminate parental rights and the parent's whereabouts are unknown, West Virginia Code § 49-3-1(c)(2) provides the following notice requirements:

Such notice shall inform the person that his parental rights, if any, may be terminated in the proceeding and that such person may appear and defend any such rights within twenty days of such service. In the case of any such person who is a nonresident or whose whereabouts are unknown, services shall be achieved . . . by publication. If personal service is not acquired . . . If the court determines that the whereabouts of the person to be serviced cannot be ascertained and that due diligence has been exercised to ascertain such person's whereabouts, then the

2

court shall order service of such notice by publication as a Class II publication in compliance with the provisions of article three [§§ 59-3-1], et seq., chapter fifty-nine of this code, and the publication area shall be the county where such proceedings are had, and in the county where the person to be served was last known to reside.

Here, the record reflects that the DHHR published notification of the abuse and neglect petition not once, but two times, in petitioner's last known county of residence. Therefore, we cannot say that the circuit court erred.

Second, petitioner argues that the circuit court erred in terminating petitioner's parental rights when the children's desires regarding visitation were unknown. Petitioner argues that the CPS worker testified at the adjudicatory hearing that she had not spoken with the children about any bond each may have had with petitioner.

Upon our review of the record, we find no error or abuse of discretion by the circuit court. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). The DHHR is not required to make reasonable efforts to preserve the family if the circuit court determines that the parent has subjected the child to "aggravated circumstances which include, but are not limited to, abandonment[.]" W.Va. Code § 49-6-3(d). Furthermore, "the [circuit] court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." W.Va. Code 49-6-5(a)(6)(C). Our review of the record reflects that the children, who are six and eight years old, are currently living with their maternal grandmother in New York and doing well in her care and custody. Due to the children's ages, the circuit court was not required to consider their wishes when finding that termination would be in their best interests. The circuit court is striving to achieve permanency for the children with a permanency plan in place, in accordance with West Virginia Code § 49-6-5(a). Based on the circumstances of this case, we find no error to warrant reversal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3